**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Bruce KUNHART,
Defendant–Appellant.**

No. 01–10035.
D.C. No. CR–00–00281–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

### MEMORANDUM **

Robert Bruce Kunhart appeals his 57–month sentence following a guilty plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Kunhart contends that the district court erred by enhancing his offense level pursuant to U.S.S.G. § 2B3.1(b)(2)(F), for making a threat of death during a bank robbery. We review de novo the district court's application of the guidelines and the factual findings underlying its decision for clear error. *See United States v. France*, 57 F.3d 865, 866 (9th Cir.1995).

Kunhart argues that the note he handed to the bank teller, which read in part: "Dead people don't speak," was not a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

threat of death, but rather referred to his own suicidal thoughts. We disagree.

■ Based upon our review of the record, we conclude that the district court's finding that Kunhart's note constituted a threat of death pursuant to section 2B3.1(b)(2)(F) was not clearly erroneous, because the victim teller could have reasonably interpreted the note as constituting a threat of death if she failed to comply with Kunhart's demands. See U.S.S.G. § 2B3.1, cmt. n. 6 ("[T]he intent of this provision is to provide an increased offense level for cases that would instill in a reasonable person, who is a victim of the offense, a fear of death."); *France*, 57 F.3d at 866–67.[1]

■ Kunhart further contends that the district court erred by failing to offset the restitution award by the value of the property purchased by Kunhart with proceeds from the robbery and subsequently seized by the government. We review for an abuse of discretion a restitution order complying with the statutory framework of the Victim Witness Protection Act, 18 U.S.C. §§ 3663–3664. *See United States v. Mills*, 991 F.2d 609, 611 (9th Cir.1993).

Because the district court has wide latitude in fashioning and calculating a restitution order, we conclude that the district court did not abuse its discretion by ordering the government to hold on to the property to see if the restitution would be paid by Kunhart by the end of his supervised release term. *See United States v. Soderling*, 970 F.2d 529, 534 (9th Cir.1992) (stating that the district courts have wide latitude in fashioning and calculating restitution orders so long as the orders are authorized by law).

**AFFIRMED.**

---

1. Because Kunhart objected to the presentence report's statement that he made verbal threats to kill the bank teller, the district court was required to "make either a finding on the allegation or a determination that no finding is necessary" regarding the disputed fact. See Fed.R.Crim.P. 32(c)(1). Once again, based upon our review of the record, we conclude that the district court satisfied the substantive requirements of Rule 32 by adopting the findings contained in the presentence report. *See United States v. Tam*, 240 F.3d 797, 803–04 (9th Cir.2001) (concluding that there was no Rule 32 violation because the district court adopted the findings contained in the presentence report). However, Rule 32 also requires that "[a] written record of these findings must be appended to any copy of the presentence report made available to the Bureau of Prisons." See Fed.R.Crim.P. 32(c)(1). We therefore instruct the district court to transmit to the Bureau of Prisons an amended copy of the presentence report with a copy of the transcript containing the findings. *See Tam*, 240 F.3d at 803 (stating that strict compliance with Rule 32(c)(1) is required).

